**Mihalac v. Schneider**

94

*Ronald J. DiGiorno,* for plaintiffs.
*Nicholas H. Krayer,* for defendant.

WALKO, *J.,* November 25, 1986—Presently before the court is defendant's petition to open default judgment. Oral arguments were heard on October 20, 1986. After careful review of the oral arguments and the memorandums filed by both plaintiffs Charles A. Mihalic and Roberta M. Mihalic and defendant Ronald L. Schneider, we hereby deny defendant's petition to open the default judgment entered against him.

Defendant argues that the default judgment entered against him on August 5, 1986 should be vacated so as to allow him to plead that the notice provided him did not conform to the requirements of the Act of January 30, 1974, P.L. 13, 41 P.S. §403.

41 P.S. §403 provides as follows:

"§403. Notice of intention to foreclose.

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention

at least thirty days in advance as provided in this section. (b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

(c) The written notice shall clearly and conspicuously state:

(1) The particular obligation or real estate security interest;

(2) The nature of the default claimed;

(3) The right of the debtor to cure the default as provided in §404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

(4) The time within which the debtor must cure the default.

(5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and

(6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default. (d) This notice of intention to foreclosure provided in this section shall not be required where the residential mortgage debtor, has abandoned or voluntarily surrendered the property which is the subject of a residential mortgage."

It is defendant's contention that plaintiffs' notice of intention to foreclose mortgage did not adequately explain to him the nature of his default. No question seems to exist that defendant is in default on the mortgage. Rather, as a defense thereto, defendant claims that the first paragraph in plaintiffs' notice was confusing and contradictory.

The first paragraph of said notice reads as follows:

"The mortgage held by Charles A. Mihalic and Roberta M. Mihalic, his wife, (hereafter we, us or ours) on your property located at 2518 Grandview Avenue, Harmony Township, Beaver County, Pa. is in serious default (because you have not made the monthly payments of $401.89 for the months of July 1983 to and including March 1986.) The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $3,452.01.

Defendant reads this paragraph as stating that he has not paid 401.89 from July 1983 to March 1986 inclusive (33 months). The notice goes on to state that the amount due to cure the default is $3,452.01.

Defendant claims he was confused because when he multiplied the amount due ($401.89) by the number of months he was in default (33 months) he got a figure of $13,262.37. Therefore, defendant contends he did not understand the nature of the default.

Subsequent to defendant's receipt of plaintiffs' notice, he contacted plaintiffs and plaintiffs' attorney to express his desire to pay the arrearage on his mortgage. He also wanted evidence as to how the arrearage figure was calculated. A registered letter dated May 15, 1986 was sent to defendant by plaintiffs' attorney. Contained as enclosures to this letter were a loan amortization schedule and the log sheets showing the total payments made by defendant from March 1, 1982 to April 1, 1986. The loan amortization schedule showed that the loan balance as of April 1, 1986 should be $21,136.64. The log sheets showed that the present balance up to and including the April 1, 1986 payment was $24,588.65. The arrearage figure was arrived at by

subtracting what the balance should be $21,136.64) from what the current balance was ($24,588.65).

Defendant was informed in this letter dated May 15, 1986 that if he did not respond within the next 10 days, that plaintiffs would proceed with a mortgage foreclosure action. Defendant did not respond and on July 3, 1986, more than one month later, plaintiffs instituted an action in mortgage foreclosure against defendant.

Defendant failed to respond to the above complaint and on August 5, 1986 plaintiffs obtained a judgment by default, said judgment being executed upon on September 23, 1986. The sale of the subject property is listed for sheriff's sale on December 8, 1986.

The issue of what is needed for a notice of intention to foreclose mortgage to be in substantial compliance with 41 P.S. §403 was addressed by the court in The Union Banking & Trust Co. v. Johnston, 28 D.&C. 3d 158 (1983). There, defendants were in default on their mortgage in the amount of $647.18. Plaintiff's notice correctly stated and listed the amounts due for principal, interest, escrow and late charges; however, the total amount due was listed as $1,247.18. Defendants filed an answer and new matter in which he asserted that the overstatement was a material error which rendered the entire notice ambiguous. The court disagreed stating that the facts showed the mathematical error to be so obvious that defendants brought it to plaintiff's attention at which time plaintiff immediately informed defendants of the correct amount, $647.18. Plaintiff did not, thereafter, send a written correction to defendants. The court held that the overstated amount was an obvious computational or clerical error in calculation which did not result in confusion on the part of defendants despite the lack

of a written correction to defendants. The court also held that the notice was not ambiguous since the amounts due for principal, interest, escrow and late charges were correctly stated. Therefore, plaintiff's notice was in substantial compliance with 41 P.S. §403.

Unlike the Johnston case, plaintiff's notice in the case at bar did not contain a mathematical error. The notice did, however, cause defendant to contact plaintiffs and ask for evidence as to how the arrearage figure had been calculated. Accordingly, plaintiffs sent by registered mail the loan amortization schedule and the log sheets which showed how the deficiency was calculated. At no time was defendant confused since plaintiffs' notice did not contain any contradictions within said notice. Plaintiffs' notice, therefore, was in substantial compliance with 41 P.S. §403.

The issue of what makes a notice of intention to foreclose on a mortgage ambiguous was raised in Beneficial Consumer Discount Co. v. Leipold, 11 D.&C. 3d 659 (1979). There, plaintiff's notice was insufficient because it contained ambiguous statements as to the sums needed to cure the default. Plaintiff's notice stated in one paragraph that defendant agreed to repay a loan in monthly installments of principal and interest of $56. plus escrow and other charges. The notice went on to say in that same paragraph that defendants were in default since July 1978.

In a subsequent paragraph, the notice stated that defendants had the right to cure, by paying all sums which would have been due at the time such payment or tender is made, if such obligation were not then in default which would be around $400. ($56. monthly payments, plus escrow and other charges from July 1978 to January 1979).

In yet another subsequent paragraph, the notice stated that the sum of all installment payments which were in default was $2,315.24. The court noted that the $2,315,24 figure referred to the full amount due after acceleration.

The court found the above notice to be misleading because first defendant was told that he could cure the default with a small sum of money then later in another paragraph he was told that he must pay a considerably larger amount to cure the default.

The above illustrates a notice which does not meet the requirements that the nature of the default claimed and the sum of money necessary to cure the default be clearly and conspicuously stated as provided for in 41 P.S. §403. When reviewing whether a notice contains terms which are stated clearly and conspicuously, the Courts in Pennsylvania apply a common sense approach. Gettysburg National Bank v. Trace, 13 D.&C. 3d (1980).

In the case sub judice, common sense directs us to find that plaintiffs' notice of intention to foreclose mortgage is in substantial compliance with 41 P.S. §403. Plaintiffs' notice does not contain any inherent contradictions. Moreover, any confusion on defendant's part was rectified when defendant himself contacted plaintiffs and then received a copy of the loan amortization schedule and log sheets which clearly and conspicuously showed the amount defendant was in default, said amount being the same as that found in plaintiffs notice of intention to foreclose mortgage.

Having so concluded, for the reasons set forth above, we enter the following

## ORDER

And now this November 25, 1986, after careful consideration of the oral arguments and legal mem-

orandum filed by both plaintiffs Charles A. Mihalic and Roberta M. Mihalic and defendant Ronald L. Schneider, we hereby deny defendant's petition to open default judgment.